# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# AT SOUTH BEND

| | |
|---|---|
| GRANT STITSWORTH,<br><br>               Plaintiff,<br>vs.<br><br>FOREST RIVER, INC.,<br><br>               Defendant. | Case No.   3:23-cv-179<br><br>PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, WILLFUL DAMAGES, PUNITIVE DAMAGES, AND JURY TRIAL, FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT ("USERRA") AND INDIANA STATE LAW<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

## I.     INTRODUCTION

1.     This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 (USERRA), as well as Indiana State law, with the paramount purpose of obtaining injunctive relief designed to stop Defendant from terminating a servicemember while the servicemember is on active duty.

2.     This cause of action is exempt from filing fees, pursuant to 38 U.S.C. § 4323(h)(1).

1

3. Plaintiff, GRANT STITSWORTH (hereinafter "Plaintiff" or "Mr. Stitsworth"), by and through the undersigned attorneys, avers as stated herein.

## II.   PARTIES

3. Defendant, Forest River, Inc. (hereinafter "Forest River" or "Defendant"), is an Indiana Corporation engaged in business in the State of Indiana, pursuant to Indiana Business ID No. 2005080400068.

4. At all times pertinent hereto, Plaintiff was employed by Defendant, in Indiana.

5. At all times pertinent hereto, Defendant was Plaintiff's "employer" as that term is defined by the governing statutes.

6. At all times pertinent hereto, Plaintiff was also a member of the U.S. Army National Guard.

7. For the purposes of 38 U.S.C. § 4303(4), Defendant is a private employer operating within the State of Indiana.

## III.   JURISDICTION AND VENUE

8. The Federal Court for the Northern District of Indiana has personal jurisdiction over the parties because the parties have substantial contacts with this District, Plaintiff was employed by Defendant in this District, and all actions related to this cause of action occurred in this District.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, because the claims alleged in this complaint arise out of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et seq.*, which confers subject matter jurisdiction on this Court, pursuant to 38 U.S.C. § 4323(b)(3). This Court also has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Federal Court for the Northern District of Indiana, pursuant to 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b), because the acts and omissions in this complaint occurred in this District.

## IV.   FACTS

11. Plaintiff re-alleges all previous allegations as though fully set forth herein.

12. Defendant, Forest River, Inc. (hereinafter "Forest River" or "Defendant"), is an Indiana Corporation engaged in business in the State of Indiana, pursuant to Indiana Business ID No. 2005080400068.

13. For the purposes of 38 U.S.C. § 4303(4), Defendant is a private employer operating within the State of Indiana.

14. At all times pertinent hereto, Defendant was Plaintiff's "employer" as that term is defined by the governing statutes.

15. At all times pertinent hereto, Plaintiff was employed by Defendant, in Indiana.

16. At all times pertinent hereto, Plaintiff was also a member of the United States Army National Guard.

17. When Plaintiff began working for Defendant, Plaintiff provided Defendant's Plant Manager, Jason Jones, with a schedule of expected military drills.

18. Plaintiff timely provided Defendant's Plant Manager, Jason Jones, with official military memorandums in advance of taking leave to attend military drills.

19. On more than one occasion while working for Defendant, Plaintiff attended 3-day weekend drills.

20. Those 3-day weekend drills required Plaintiff to miss work on Fridays.

21. Despite having copies of military memorandums, Defendant's Plant Manager, Jason Jones repeatedly informed Plaintiff that there is no such thing as 3-day weekend drills.

22. On more than one occasion while working for Defendant, Defendant's Plant Manager, Jason Jones accused Plaintiff of "just trying to get out of work."

23. On more than one occasion while working for Defendant, Defendant's Plant Manager, Jason Jones threatened to terminate Plaintiff's employment after Plaintiff missed work to attend military drills.

24. On more than one occasion while working for Defendant, Defendant's Plant Manager, Jason Jones threatened to take other adverse employment actions against Plaintiff after Plaintiff missed work to attend military drills.

25. On April 9, 2020, Plaintiff informed Defendant's incoming Plant Manager, Jimmy Trovatore, that Plaintiff's military unit had been called to active duty in support of COVID-19 Response.

26. Defendant's Plant Manager, Jason Jones received a copy of Plaintiff's military orders.

27. Defendant acknowledged Plaintiff's active-duty orders.

28. On April 9, 2020, Plaintiff entered active-duty military service, in support of COVID-19 Response.

29. On May 30, 2020, Plaintiff provided Defendant with an official memorandum regarding Plaintiff's active-duty orders being extended.

30. On June 23, 2020, Plaintiff provided Defendant with notice that Plaintiff's active-duty orders had been extended again.

31. On August 6, 2020, Plaintiff provided Defendant with notice that Plaintiff's active-duty orders had been extended until the end of 2020.

32. On <u>August 31, 2020</u>, Plaintiff provided Defendant with an electronic copy of his official military orders.

33. On <u>January 1, 2021</u>, Plaintiff informed Defendant that he was unsure when his military orders would terminate.

34. On <u>January 7, 2021</u>, Plaintiff informed Defendant that he was unsure when his military orders would terminate.

35. On <u>April 4, 2021</u>, Plaintiff informed Defendant that he was unsure when his military orders would terminate.

36. Thereafter, while Plaintiff was still serving on active-duty, Defendant informed Plaintiff that the military orders Plaintiff provided to Defendant were not sufficient.

37. Defendant demanded that Plaintiff provide more documentation supporting his military service.

38. Plaintiff had no further documentation.

39. Because the pandemic was ongoing and unpredictable, there was no official date for termination of the National Guard orders.

40. Because the pandemic was ongoing and unpredictable, the National Guard was slow to produce official orders extending periods of military service.

41. On <u>July 3, 2021</u>, Defendant's new Plant Manager, Kevin Woolwine terminated Plaintiff's employment.

42. Defendant terminated Plaintiff's employment while Plaintiff was still serving on active-duty military orders in support of COVID-19 Relief.

43. On <u>July 9, 2021</u>, Plaintiff was released from active duty.

44. Plaintiff served more than one year, but less than five years on active duty.

45. The character of Plaintiff's military service was always honorable.

46. Plaintiff was recommended for two Army Achievement Medals for his active-duty military service in support of COVID-19 Relief.

47. Plaintiff was awarded one Army Achievement Medal for his active-duty military service in support of COVID-19 Relief.

48. Plaintiff also received a Joint Service Medal, and two challenge coins, for his active-duty military service in support of COVID-19 Relief.

49. Following his release from active-duty orders, Plaintiff timely requested reemployment with Defendant.

50. Defendant refused to reemploy Plaintiff.

51. Defendant alleged that Plaintiff <u>never</u> provided Defendant with copies of military orders.

52. This allegation was patently false.

53. Plaintiff has physical evidence of providing his supervisor with copies of Plaintiff's military orders and other military documentation.

54. Plaintiff also maintained regular communications with his supervisor and regularly updated his supervisor about his military service.

55. Nevertheless, Plaintiff obtained physical military orders and a copy of his DD 214.

56. Plaintiff appeared at Defendant's place of employment with physical copies of the orders he previously provided to Defendant, and a copy of his DD 214.

57. Plaintiff met with Defendant's Plant Manager, Kevin Woolwine.

58. Defendant's Plant Manager, Kevin Woolwine stated: "You were fired, because you never gave us a copy of your orders."

59. Plaintiff has significant evidence that he provided Defendant with copies of his military orders.

60. At all times relevant hereto, Plaintiff's former position existed.

61. Instead of reemploying Plaintiff and fully restoring Plaintiff into his former position, Defendant terminated Plaintiff while he was still on active-duty orders.

62. Defendant also failed to pay Plaintiff for the leave he accrued during his deployment.

63. Defendant violated Plaintiff's USERRA rights.

64. Defendant willfully violated Plaintiff's USERRA rights.

65. Defendant's USERRA violations and willful USERRA violations caused Plaintiff economic injuries and damages.

66. Defendant's USERRA violations and willful USERRA violations are the direct and proximate cause of Plaintiff's injuries and damages.

67. Plaintiff lost employment opportunities, pay, promotion opportunities, and other benefits, as a direct and proximate result of Defendant's USERRA violations and willful USERRA violations.

68. Plaintiff's military service was a motivating factor in Defendant's adverse employment actions.

69. At all times relevant hereto, Defendant maintained a posted notice where employers customarily place notices for employees as required by 38 U.S.C. § 4334, informing managers and employees of their rights under USERRA.

70. At all times relevant hereto, Defendant had a duty to conduct itself in compliance with the law, including USERRA, and to ensure that Defendant's managers and agents followed the statutes.

71. At all times relevant hereto, Defendant maintained policies prohibiting unlawful retaliation and discrimination.

72. Defendant also employs highly trained legal professionals, with experience and immediate access to the provisions of USERRA, with the support of a sophisticated Human Resources Department, including immediate access to

professional human resources personnel, and specially trained employment counsel.

73. Defendant's adverse employment actions breached those statutory duties and Defendant's contractual duties under the federal contracts Defendant currently holds.

74. When Defendant committed adverse employment actions against Plaintiff, Defendant was aware of USERRA and its protections.

75. Defendant willfully chose to take adverse employment action against Plaintiff anyway.

76. Plaintiff's military service was a motivating factor in Defendant's adverse employment action(s).

77. As such, the employment relationship that Plaintiff may have enjoyed with Defendant prior to the filing of this action is irreparably damaged through no fault of Plaintiff.

78. To the extent that Defendant alleges application of any agreement that constitutes any limitation on Plaintiff's rights under USERRA, it is illegal, null and void, inapplicable, and of no force or effect, pursuant to 38 U.S.C. § 4302.

79. To the extent that Defendant alleges a defense under USERRA, that defense is a pretext to discrimination and retaliation motivated by Plaintiff's membership in the military and military service.

## V. CAUSES OF ACTION

80. Plaintiff re-alleges all previous allegations as though fully set forth herein.

81. Defendant violated Plaintiff's rights as guaranteed by USERRA, including, but not limited to: 38 U.S.C. § 4311 discrimination and retaliation in employment; 38 U.S.C. §§ 4312, § 4313 reemployment rights; and 38 U.S.C. § 4316, and 20 C.F.R. § 1002.247, rights and benefits of persons absent from employment for service in the armed forces.

82. Defendant's USERRA violations were willful, entitling Plaintiff to liquidated damages. 38 U.S.C. § 4323.

83. Defendant's USERRA violations also violated Indiana Law. *See* IC § 10-16-7-1 et seq.

## CAUSE OF ACTION NO. 1
USERRA – DISCRIMINATION & RETALIATION
(38 U.S.C. § 4311(a))

84. Plaintiff re-alleges all previous allegations as though fully set forth herein.

85. Defendant unlawfully discriminated against Plaintiff by, among other things:

   a. Denying Plaintiff full reemployment and benefits of employment on the basis of his membership, service, or obligation to perform service in the uniformed service, a right provided by USERRA.

   b. Retaliating against Plaintiff for serving in the military.

   c. Retaliating against and harassing Plaintiff by refusing to pay Plaintiff for the leave he accrued while employed by Defendant.

   d. Retaliating against and harassing Plaintiff by refusing to reinstate Plaintiff's healthcare insurance *inter alia*.

## CAUSE OF ACTION NO. 2
USERRA FAILURE TO PROMPLY REEMPLOY
(38 U.S.C. §§ 4312 & 4313)

86. Plaintiff re-alleges all previous allegations as though fully set forth herein.

87. Defendant's actions violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to promptly and fully reemploy Plaintiff into his former position, or in the alternative, into a position of seniority with other rights and benefits determined by seniority plus the additional seniority, and rights, and benefits, or other position that Plaintiff would have attained had he remained continuously employed.

88. Defendant's actions further violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to make reasonable efforts to qualify or enable Plaintiff to perform the essential tasks for reemployment.

89. Defendant's actions further violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to identify an alternate position for Plaintiff.

90. Defendant's actions further violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to disclose an alternate position for Plaintiff.

91. Defendant's actions further violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to promptly reemploy and retrain Plaintiff in an alternate position of seniority with other rights and benefits determined by seniority plus the additional seniority, and rights, and benefits, or other position that Plaintiff would have attained had he remained continuously employed.

## CAUSE OF ACTION NO. 3
USERRA – DENIAL OF RIGHTS OF EMPLOYMENT
(38 U.S.C. § 4316)

92. Plaintiff re-alleges all previous allegations as though fully set forth herein.

93. The USERRA, § 4316(c), provides in part:

> (c) A person who is reemployed by an employer under this chapter shall not be discharged from such employment, except for cause—

13

>(1) within one year after the date of such reemployment,
>if the person's period of service before the reemployment
>was more than 180 days…

94. Plaintiff's military service exceeded 180 days, and he was thereby protected from discharge without cause for one year.

95. Defendant failed to properly reemploy Plaintiff upon his return from military service, thereby terminating his employment within one year in contravention of USERRA.

96. Upon information and belief, Defendant failed to afford Plaintiff the rights and benefits to which Plaintiff was entitled under § 4316 by, *inter alia,* failing to properly restore Plaintiff to full employment status with full benefits, and denying Plaintiff the rights and benefits determined by seniority and such other rights and benefits not determined by seniority that Plaintiff would have attained if he had remained continuously employed.

## **WILLFUL VIOLATIONS**
### (38 U.S.C. § 4323)

97. Plaintiff re-alleges all previous allegations as though fully set forth herein.

98. Plaintiff is entitled to liquidated damages under USERRA because Defendant's conduct was willful as defined by 38 U.S.C. § 4323(d), 20 C.F.R. § 1002.312(c), where Defendant knew, or showed reckless disregard for whether its conduct was prohibited under USERRA.

## CAUSE OF ACTION NO. 3
## INDIANA CODE § 10-16-7-6; § 10-17 et seq

99. Plaintiff re-alleges all previous allegations as though fully set forth herein.

100. Indiana law provides:

> A member of the Indiana national guard is entitled to receive from the member's employer a leave of absence from the member's respective duties in addition to the member's regular vacation period for the total number of days that the member is on state active duty under section 7 of this chapter. The leave of absence may be with or without loss of time or pay at the discretion of the member's employer.

*See* IC § 10-16-7-6.

101. Indiana law further provides: "…Seniority continues to accrue during a period of absence described in subsection (a), and the period of absence for military training must be construed as an absence with leave. At the discretion of the employer, the leave may be with or without pay." *See* IC § 10-16-7-1(c).

102. Indiana law further provides: "…Absence for military training does not affect an employee's right to receive normal vacation, sick leave, bonus, advancement, and other advantages of the employee's particular position." *See* IC § 10-16-7-2.

103. Pursuant to Indiana law, Plaintiff was entitled to reinstatement following his active-duty military service.

104. Pursuant to Indiana law, Plaintiff was entitled to accrued leave while serving on active duty.

105. Plaintiff served on active duty for more than one year.

106. Defendant terminated Plaintiff while Plaintiff was on active duty.

107. Defendant refused to reinstate Plaintiff following his military service.

108. Defendant refused to pay Plaintiff the leave and vacation pay he accrued while on active-duty military service.

## PRAYER FOR RELIEF

109. Plaintiff respectfully demands a jury trial and further to be awarded compensation for all injury and damage suffered. To wit:

   a. both economic and non-economic damages in the amount to be proven at trial including back pay, front pay, lost benefits of employment, and negative tax consequences of any award;

   b. liquidated damages, exemplary damages, as provided by law; and

   c. reasonable attorney and expert fees, and costs, pursuant to 38 U.S.C. § 4323, and as otherwise provided by law.

110. Under USERRA, a court may order equitable remedies, including reinstatement and recoupment of any loss of wages or benefits. § 4323(d)(1)(A, B).

111. USERRA also empowers a court to use "its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits" of the service member. § 4323(e).

112. A court may award the prevailing party reasonable attorneys' fees, expert witness fees, and other litigation expenses. § 4323(h)(2).

113. Based on the violations discussed previously, Plaintiff asks the Court for the following equitable relief:

   a. For an injunction preventing Defendant from ever again terminating a servicemember while the servicemember is engaged in active-duty military service, pursuant to 38 U.S.C. § 4323(e);

   b. For an injunction preventing Defendant from ever again refusing to reinstate a servicemembers' employment after a servicemember performs military service, pursuant to 38 U.S.C. § 4323(e);

   c. For an injunction preventing Defendant from ever again retaliating against any servicemember for taking military leave in conjunction with military duty, pursuant to 38 U.S.C. § 4323(e);

   d. For an injunction preventing Defendant from ever again taking any adverse employment action against any servicemember for taking

military leave in conjunction with military duty, pursuant to 38 U.S.C. § 4323(e);

e. For an Order requiring Defendant to comply with every aspect of USERRA, pursuant to 38 U.S.C. § 4323(e);

f. Declare that Defendant's failure to reemploy Plaintiff, in part because of his military service, was unlawful and violated USERRA, 38 U.S.C. § 4311(a);

g. Declare that Defendant's failure to reemploy Plaintiff was unlawful and violated USERRA 38 U.S.C. §§ 4312; 4313;

h. Declare that Defendant's failure to provide Plaintiff with the rights and benefits Plaintiff would have attained if he had remained continuously employed was unlawful and violated USERRA 38 U.S.C. § 4316;

i. Declare that Defendant's violations of USERRA were willful, pursuant to 38 U.S.C. § 4323(d)(1)(C);

j. Declare that Defendant violated IC § 10-16-7-6; and § 10-17 et seq;

k. Order Defendant to pay Plaintiff lost wages incurred and the value of benefits lost, between Plaintiff's termination and the present;

l. Order Defendant to pay prejudgment and post judgment interest on the amount of wages and lost benefits found due;

m. Order Defendant to pay liquidated damages on a finding of "Willful" by the jury, in the amount of lost wages and value of benefits calculated, pursuant to 38 U.S.C. § 4323(d)(1)(C);

n. Order Defendant to pay punitive damages of $50,000.00, on a finding of "Willful" by the jury, pursuant to Ind. Code §§ 34-51-3-0.2 to 34-51-3-6; and *Cheatham v. Pohle*, 789 N.E.2d 467, 471 (Ind. 2003);

o. Order Defendant to report the judgment entered in this case to all United States Government Contracting Officers when Defendant applies for or enters any contract with the United States Government, pursuant to 41 C.F.R. §§ 30-300.66(a) to (c);

p. Order Defendant to report the judgment entered in this case to all Indiana State Government Contracting Officers when Defendant applies for or enters any contract with the State of Indiana, pursuant to 41 C.F.R. §§ 30-300.66(a) to (c); and

q. Order such other relief as may be just and proper.

//

//

//

//

//

## VI. JURY DEMAND

Plaintiff hereby respectfully demands a jury trial.

Respectfully submitted this 28th day of February, 2023.

>*/s/ Robert W. Mitchell*
>Robert W. Mitchell, *pro hac vice*
>Robert Mitchell, Attorney at Law, PLLC
>1020 North Washington Street
>Spokane, WA 99203
>Telephone:	509-327-2224
>Email:	bobmitchellaw@gmail.com
>*Attorney for Plaintiff*