UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GRANT STITSWORTH., <br><br> Plaintiff, <br><br> v. <br><br> Forest River, INC., <br><br> Defendant. | CASE NO. 3:23-CV-179-HAB-MGG |

**OPINION AND ORDER**

Before the Court is Plaintiff Grant Stitsworth's Motion to Strike Defendant Forest River, Inc.'s Affirmative Defenses. As discussed in more detail below, the motion is well taken and will be granted.

**I.   RELEVANT BACKGROUND**

Stitsworth filed this case after he was terminated by his former employer, Forest River, in July 2021. He was was on active duty with the United States Army National Guard when he was terminated, so Stitsworth alleges that his termination violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4311 et seq. Stitsworth's operative first amended complaint filed on June 14, 2023, alleges that (1) Forest River failed to promptly reemploy him as required by 38 U.S.C. §§ 4312 & 4313, and (2) Forest River's failure to comply with these provisions was willful, warranting liquidated damages under 38 U.S.C. § 4323(d)(1)(C).

Forest River filed its answer and seven affirmative defenses on June 27, 2023. [DE 14]. Stitsworth now moves to strike Forest River's first, second, third, fourth, and sixth

1

affirmative defenses and asserts a reservation of rights as to Forest River's seventh affirmative defense. Stitsworth contends that the Court must strike these affirmative defenses because they either fail as a matter of law, are only general denials, or are not cognizable defenses to a USERRA reemployment claim. In response, Forest River concedes that its first, second, sixth, and seventh affirmative defenses may be struck. Yet, Forest River maintains that Stitsworth's motion should be denied as to its third and fourth affirmative defenses. The motion to strike became ripe on August 1, 2023, when Stitsworth replied in support of striking these affirmative defenses.

## II.     LEGAL STANDARD

The court may strike an insufficient affirmative defense or any "redundant" matter from a pleading under Federal Rule of Civil Procedure 12(f). That said, motions to strike are generally disfavored because "they consume scarce judicial resources and may be used for dilatory purposes." *Oswalt v. Rekeweg*, No. 1:17-CV-00278-TLS-SLC, 2017 WL 5151205, at *1 (N.D. Ind. Nov. 7, 2017) (internal citation omitted). Still, a motion to strike removing "unnecessary clutter" is considered to expedite a matter and should be granted. *See id.* Ultimately, whether to strike an affirmative defense under Rule 12(f) is within the court's "sound discretion." *Livesay v. Nat'l Credit Sys., Inc.*, No. 4:22-CV-19-TLS-JEM, 2022 WL 1210728, at *1 (N.D. Ind. Apr. 25, 2022) (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992)).

To determine whether an affirmative defense is sufficient under Rule 12(f), the court considers three issues: "(1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil

2

Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge." *Do It Best Corp. v. Heinen Hardware, LLC*, No. 1:13-CV-69, 2013 WL 3421924, at *2 (N.D. Ind. July 8, 2013) (internal citations omitted); *see also Cincinnati Ins. Co. v. Kreager Bros. Excavating*, No. 2:12-CV-470-JD-APR, 2013 WL 3147371, at *1 (N.D. Ind. June 18, 2013) (internal citations omitted). If an affirmative defense fails to meet any consideration, it may be stricken. *See Do It Best Corp.*, 2013 WL 3421924, at *2; *see also Reger v. Arizona RV Centers, LLC*, No. 3:16-CV-778-MGG, 2018 WL 2434040, at *2 (N.D. Ind. May 30, 2018).

### III.  DISCUSSION

Stitsworth brings his claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, ("USERRA"). USERRA protects the reemployment of uniformed servicemen who leave their civilian jobs to serve in the uniformed services. In its purpose statement, Congress writes that USERRA's goals are:

> (1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result Forest from such service; (2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such services; and (3) to prohibit discrimination against persons because of their service in the uniformed services.

38 U.S.C. § 4301. Two types of claims may brought under USERRA: "(1) claims for failure to reemploy under 38 U.S.C. § 4312 (which does not require proof of intent); and (2) claims for intentional discrimination/retaliation under 38 U.S.C. § 4311 . . . ." *Jbari v. D.C.*, 304 F. Supp. 3d 201, 205 (D.D.C. 2018). Though USERRA was passed in 1994, it

was not the first law addressing reemployment of uniformed servicemen: USERRA replaced the Vietnam War-era Veterans' Reemployment Rights Act ("VRRA") and other laws dating back to the Second World War. *See Lapine v. Town of Wellesley*, 304 F.3d 90, 98–100 (1st Cir. 2002) (describing USERRA and its progeny). Courts have therefore found that pre-USERRA case law should be used to interpret USERRA. *See Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 303 (4th Cir. 2006) ("[W]hile USERRA is a relatively recent statutory scheme, we can and should use pre-USERRA case law as a guide toward understanding USERRA.").[1] The Seventh Circuit has held that "[l]ike the VRRA, the USERRA is to be liberally construed in favor of those who served their country." *McGuire v. United Postal Serv.*, 152 F.3d 673, 676 (7th Cir. 1998) (citing *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 285 (1946)); *see also Davis v. Advoc. Health Ctr. Patient Care Express*, 523 F.3d 681, 683–84 (7th Cir. 2008) ("We therefore construe USERRA liberally in favor of veterans seeking its protections.").

Stitsworth brings a reemployment claim under USERRA. USERRA enumerates three affirmative defenses that excuse an employer's failure to promptly reemploy a uniformed servicemember:

> An employer is not required to reemploy a person under this chapter if—
> (A) . . . such reemployment [is] impossible or unreasonable; (B) . . . such employment would impose an undue hardship on the employer; or (C) the employment from which the person leaves to serve in the uniformed services is for a brief, nonrecurrent period and there is no reasonable

---

[1] The Department of Labor has stated that pre-USERRA caselaw consistent with USERRA remains in force. *See* 20 C.F.R. § 1002.2 ("Congress also emphasized . . . that the large body of case law that had developed under [prior] statutes remained in full force and effect, to the extent it is consistent with USERRA.").

4

>   expectation that such employment will continue indefinitely or for a significant period.

38 US.C. § 4312(d)(1). The statute explicitly provides that the "employer shall have the burden of proving the impossibility or unreasonableness, undue hardship, or the brief or nonrecurrent nature of the employment without a reasonable expectation of continuing indefinitely or for a significant period." 38 U.S.C. § 4312(d)(2). The defenses listed in § 4312(d)(1) are thus considered affirmative defenses under Federal Rule of Civil Procedure 8(c). *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) (stating that a defense is an affirmative defense under Fed. R. Civ. P. 8(c) "if the defendant bears the burden of proof").

The Court now addresses Stitsworth's instant motion. Stitsworth has moved to strike Forest River's affirmative defenses nos. 1, 2, 3, 4, 6, and 7. In response, Forest River has conceded that affirmative defenses Nos. 1, 2, 6, and 7 may be stricken.[2] [DE 19 at 9]. With no objection from Forest River, the Court accordingly now strikes Forest River's affirmative defenses Nos. 1, 2, 6, and 7.

---

[2] Forest River's Response to the Motion to Strike states that "Forest River does not oppose Stitsworth's request to strike Forest River's second, fourth, and seventh affirmative defenses." [DE 19 at 9]. This appears to be a typographical error transposing affirmative defense no. 4 for affirmative defense no. 6. This assumption is bolstered by Forest River's other statement that it does not oppose Stitsworth's request to strike affirmative defenses Nos. 2, 6, and 7. [DE 19 at 2, 9]. Additionally, Forest River spends three pages defending its fourth affirmative defense in its Response but does not respond on its sixth affirmative defense. [DE 19 at 5–7]. Likewise, as to affirmative defense no. 1, Forest River's response includes a footnote providing that it will not oppose Stitsworth on this motion with respect to affirmative defense No. 1. [DE 19 at 2 n.1]. Moreover, even if Forest River did intend to oppose the motion as to affirmative defense No. 1, Forest River did not respond to it. Thus, the court also finds that it is conceded. *See MCI WorldCom Network Servs., Inc. v. Atlas Excavating, Inc.*, No. 02 C 4394, 2006 WL 3542332 (N.D. Ill. Dec. 6, 2006) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession.") (citing *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 643 n.7 (7th Cir. 2006))).

5

As to affirmative defenses three and four, Forest River maintains that these are properly asserted and should not be stricken. The Court now considers the parties' arguments as to these affirmative defenses.

### A. Forest River's Third Affirmative Defense

In its third affirmative defense, Forest River states:

> Stitsworth's complaint and requests for economic damages and liquidated damages are barred, in whole or in part, because Forest River exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory conduct and because Stitsworth unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by Forest River or to avoid harm otherwise.

[DE 14 at 19]. Similarly, in its answer, Forest River denies that it engaged in any discriminatory or retaliatory conduct against Stitsworth. [DE 14 at 13].

Stitsworth argues that this affirmative defense must be stricken because it is not one of the three affirmative defenses provided for by statute. Stitsworth also explains that he did not allege any discriminatory or retaliatory conduct in his operative amended complaint because this is not required for these reemployment claims. In response, Forest River counters that the operative amended complaint suggests that Stitsworth intends to introduce evidence showing Forest River acted with discriminatory or retaliatory intent, and Forest River wishes to defend itself against these claims. [DE 19 at 3]. Forest River also maintains that this defense relates to whether any violation was willful, which Stitsworth must show to obtain liquidated damages.

The Court considers Stitsworth's first argument—that this not an affirmative defense cognizable under USERRA—first. As discussed *infra.*, 38 U.S.C. § 4312 outlines three affirmative defenses to a failure to reemploy claim under USERRA. The parties dispute whether these statutory affirmative defenses constitute an exclusive list. Relying on the court's reasoning in *Mace v. Willis*, 259 F. Supp. 3d 1007, 1016 (D.S.D. 2017), *aff'd*, 897 F.3d 926, 928 (8th Cir. 2018), Stitsworth urges this Court to find that the statutory list of affirmative defenses is exclusive and to strike Forest River's third and fourth affirmative defenses on that basis. In *Mace*, the district court found that an employer violated USERRA's reemployment provision after the employer waited three weeks to offer reemployment to a serviceman. In so holding, the court observed that section 4312 "provides for nearly strict liability[,]" and stated that "[t]he only exceptions to liability are (1) if the service member fails to give proper notice before leaving and upon return or (2) if the employer demonstrates that the employer's circumstances have changed so that it is impossible or unreasonable to reemploy the service member." *Id.* Affirming the district court's decision, the Eighth Circuit also noted that this provision "provid[ed] employers with only limited statutory exemptions"). 897 F.3d at 928.

Although this circuit has not addressed this issue, it has observed that "it is well established that 'any interpretative doubt is to be resolved in the veteran's favor.'" *Moss v. United Airlines, Inc.*, 20 F.4th 375, 381 (7th Cir. 2021) (quoting *Brown v. Gardner,* 513 U.S. 115, 118 (1994)). "[W]ithin reason, the parties to cases before us are entitled to our independent judgment," and decisions from other circuits are not binding on this court. *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987). That said, it is within the

discretion of the Court "to consider what other circuits are doing and adopt a consistent ruling." *United States v. $183,026.36 in* U.S. Currency, No. 2:13-CV-344-TLS-JEM, 2014 WL 3734172, at *3 (N.D. Ind. July 29, 2014) (citing *Colby*, 811 F.2d at 1123 ("Bearing in mind the interest in maintaining a reasonable uniformity of federal law and in sparing the Supreme Court the burden of taking cases merely to resolve conflicts between circuits, we give most respectful consideration to the decisions of the other courts of appeals and follow them whenever we can.")). With that in mind, the Court could find Stitsworth's arguments controlling here. But the Court need not do so in order to decide—and grant—Stitsworth's motion, so it declines to reach this overreaching conclusion.

Instead, the Court will decide the motion using the three-part test for affirmative defenses. Using that test, the Court finds that Forest River's Third affirmative defense fails the first consideration of the Court's three-part analysis. Under the first prong, the Court must consider whether a pleading is properly considered an affirmative defense. *See Do It Best Corp.*, 2013 WL 3421924, at *2. An affirmative defense is a pleading that consists of "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016) (internal citation omitted). Put another way, an affirmative defense "requires a responding party to *admit* a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability (or perhaps from full liability)." *Reis Robotics USA,*

*Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 906 (N.D. Ill. 2006) (internal citation omitted).

Forest River's response to the motion to strike shows that this third affirmative defense has been pled to deny liability or to rebut any allegations or evidence suggesting discriminatory or retaliatory conduct rather than to admit Stitsworth's allegations but argue that it is still excused from liability. Forest River states that: "[w]ithout conceding that Forest River bears the burden of proof on this issue, Forest River's third affirmative defense puts Mr. Stitsworth on notice that Forest River intends to present evidence to prove Forest River's reasons regarding Mr. Stitsworth's employment." [DE 19 at 4–5]. Pleading to deny or rebut allegations made by the plaintiff, or that seek to negate an element of the plaintiff's burden of proof, does not constitute an affirmative defense under Fed. R. Civ. P. 8(c). Without more from Forest River, the Court can only find that this is not properly pled as an affirmative defense.

The analysis remains unchanged to the extent that Forest River seeks to raise this as an affirmative defense to Stitsworth's claim for liquidated damages. Under USERRA, a serviceman is entitled to liquidated damages if an employer's USERRA violation was willful. 38 U.S.C. § 4323(d)(1)(C). An employer willfully violates USERRA if the employer "knew or showed reckless disregard" to whether it was violating USERRA. *Fryer v. A.S.A.P. Fire & Safety Corp., Inc.*, 658 F.3d 85, 91 (1st Cir. 2011) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 614 (1993)). The serviceman "bears the burden of proving willfulness[.]" *Mahone v. Amazon.com, Inc.*, No. C22-594 MJP, 2023 WL 2872899, at *4 (W.D. Wash. Apr. 10, 2023); *see also United States v. Nevada*, 817 F. Supp. 2d 1230,

1251 (D. Nev. 2011) (both citing *Paxton v. City of Montebello,* 712 F. Supp. 2d 1017, 1021 (C.D. Cal. 2010). As it is Stitsworth's burden to prove willfulness, Forest River's arguments cannot be an affirmative defense to willfulness. These arguments could potentially negate or rebut such a finding, but it is not properly pled as an affirmative defense. Therefore, Forest River's third affirmative defense fails the first consideration of the three-part test.

In sum, Forest River seeks to use its third affirmative defense to deny or rebut allegations or evidence put forth by Stitsworth and to negate an element of Stitsworth's burden of proof. As this is not properly pled as an affirmative defense, the Court must strike Forest River's third affirmative defense.

B.    **Forest River's Fourth Affirmative Defense**

Forest River's fourth affirmative defense next contends that: "Some or all of Stitsworth's claims for damages are barred because Stitsworth refused Forest River's unqualified offer of reemployment." [DE 14 at 19]. Stitsworth again argues that this should be stricken because it is not one of the affirmative defenses contained in 38 U.S.C. § 4312. Stitsworth also contends that allowing an employer-imposed requirement to invoke preventive or corrective opportunities to defend against a USERRA violation contravenes 38 U.S.C. § 4302(b), which bars any practice that would reduce, limit, or eliminate USERRA benefits. Finally, Stitsworth labels Forest River's affirmative defense a "*Ford* defense," which is an affirmative defense to violations of Title VII of the Civil Rights Act discussed in *Ford Motor Co. v. E.E.O.C.,* 458 U.S. 219 (1982). Stitsworth argues that this does not apply to USERRA because *Ford* dealt exclusively with Title VII

10

violations. In support of this latter contention, Stitsworth points to *Hanna v. Am. Motors Corp.*, 724 F.2d 1300, 1312–13 (7th Cir. 1984), contending that the Seventh Circuit in *Hanna* found that *Ford* was inapplicable to claims brought under USERRA's predecessor, VRRA, which should likewise be extended to USERRA analysis.

Forest River, in response, contends this defense might extend beyond Title VII claims, citing cases in which courts held that rejection of an unqualified offer of reemployment could reduce or cut off backpay or front pay: *Johnson v. Guerrier Mgmt., Inc.* 437 Fed. App'x 853, 856 (11th Cir. 2011) and *Hamovitz v. Santa Barbara Applied Rsch. Inc.*, No. 2:07-cv-0454, 2010 WL 4983798, at *3 (W.D. Pa. Dec. 2, 2010). Forest River also disagrees with the application of *Hanna* here, arguing that in *Hanna* is distinguishable because the offer of reemployment there was for a lesser entry-level position, not the one the employee was entitled under USERRA. *Id.* at 1313. Based on that, the court held that the reemployment position could not be considered in reducing the plaintiff's damages. *Id.* Forest River likewise directs this Court to *Ryan v. Rush-Presbyterian-St. Luke's Medical Center*, 15 F.3d 697, 698–99 (7th Cir. 1994). In *Ryan*, like *Hanna*, the returning servicemember was offered an inferior position than they were entitled under USERRA, and the court rejected the employer's argument that backpay should be cut off or reduced on that basis. *Id.*

Although Forest River largely counters Stitsworth's motion based on its position that a *Ford* defense is applicable to the claims here, this Court need not determine *Ford*'s application to rule on this motion. Instead, the court finds that this affirmative defense is largely redundant of Forest River's fifth affirmative defense and may be stricken on

that basis. Forest River's fifth affirmative defense—which has not been challenged by Stitsworth in this motion—contends that "Stitsworth has unreasonably failed to mitigate damages which he claims to have sustained as a result of any act or omission committed by Forest River." [*See* DE 14 at 19]. To the extent that Forest River seeks to assert that Stitsworth did not accept an unqualified of employment, it would be considered part of any claim that Stitsworth failed to mitigate his damages. To the extent that this is subsumed by, and is duplicative of, Forest River's fifth affirmative defense, it will be stricken. *See Livesay,* 2022 WL 1210728, at *5; *see also Campbell v. Cath. Cmty. Servs. of W. Washington*, No. C10-1579RSL, 2012 WL 600725, at *4 (W.D. Wash. Feb. 22, 2012) (considering the plaintiff's replacement employment search as part of the defendant's affirmative defense alleging failure to mitigate damages in a USERRA discrimination claim).

Finding this fourth affirmative defense redundant of Forest River's fifth affirmative defense—failure to mitigate—the court may, in its discretion, strike it. *See* Fed. R. Civ. P. 12(f). For this reason, the Court now also strikes Forest River's fourth affirmative defense.[3]

---

[3] As stated, Stitsworth has not challenged this affirmative defense in his motion to strike. Likewise, failure to mitigate damages is recognized as an affirmative defense. *Gaffney v. Riverboat Servs. of Ind., Inc.,* 451 F.3d 424, 460 (7th Cir. 2006). Although USERRA does not specifically mention or reference this defense, USERRA's regulations mention it in the context of service that does not count against USERRA's five-year service limitation. *See* 20 C.F.R. § 1002.103(b) ("Service performed to mitigate economic harm where the employee's employer is in violation of its employment or reemployment obligations to him or her.").

**IV. CONCLUSION**

Accordingly, Stitsworth's Motion [DE 15] is **GRANTED**, and the Court **STRIKES** Forest River's first, second, third, fourth, sixth, and seventh affirmative defenses.

The Court acknowledges that the discovery deadline passed in this matter on November 17, 2023. Although the parties have agreed to complete certain depositions after the close of discovery [*see* DE 22, DE 23], if the timing of this order requires the parties to engage in any additional discovery or requires an extension of the dispositive motion deadline, the Court will entertain motions to this effect so long as they are filed by December 18, 2023.

**SO ORDERED** this 6th day of December 2023.

                                                  s/Michael G. Gotsch, Sr.
                                                  _____
                                                  Michael G. Gotsch, Sr.
                                                  United States Magistrate Judge