UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GRANT STITSWORTH, | |
| Plaintiff, | |
| v. | Case No. 3:23-CV-179-CCB |
| FOREST RIVER, INC., | |
| Defendant. | |

## **OPINION AND ORDER**

On September 9, 2025, Plaintiff Grant Stitsworth and Defendant Forest River, Inc. ("Forest River") filed separate motions *in limine* in preparation for trial. (ECF 63; ECF 64). At the November 12, 2025, scheduling conference, the Court noted that it would likely rule on the motions *in limine* based on the briefing alone. The Court now rules.

## **STANDARD**

The Court has broad discretion to rule on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Evidentiary rulings ordinarily should not be made until trial when the Court can resolve admissibility issues in proper context. The Court thus excludes evidence *in limine* only when it is "clearly inadmissible on all potential grounds." *United States v. Jackson*, 535 F. Supp. 3d 809, 813 (N.D. Ind. 2021). If admissible on one ground or another, the Court will defer ruling on admissibility until trial. *See id.* Even when the Court issues an order *in limine*, the order remains preliminary and subject to the Court's revision at trial. *See Farfaras v. Citizens Bank & Tr.*, 433 F.3d 558, 565 (7th Cir. 2006).

## DISCUSSION

A.  **Undisputed Motions** *in Limine*

   1.  **Hearsay statements made by the unknown person Mr. Stitsworth alleges he spoke with at Plant 501. (ECF 63 at 3).**

Forest River asks the Court to prohibit Mr. Stitsworth from presenting evidence and argument about the statements Mr. Stitsworth alleges were made to him by an unknown person when he visited Plant 501 because such statements would violate FRE 802, the rule against hearsay. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement. FRE 801(c). A statement is a "person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." FRE 801(a). Forest River argues that the following statements from Mr. Stitsworth's deposition are hearsay and thus should be barred at trial:

(1) Mr. Stitsworth spoke with an unknown person who identified himself as "Kevin." (ECF 63 at 2).

(2) The unknown person's "whole demeanor changed" after Mr. Stitsworth identified himself. *Id.*

(3) When Mr. Stitsworth asked the unknown person about a COBRA notice from Forest River, the person responded, "Yeah, we terminated you." *Id.*

(4) The unknown person told Mr. Stitsworth that "[t]he reason we fired you was because you never supplied orders for your time like while you're at service." *Id.*

2

(5) The unknown person told Mr. Stitsworth "something like 'It's already done, like sorry, too little, too late kind of thing.'" *Id.*

Mr. Stitsworth does not oppose the motion to the degree that it prohibits him from introducing hearsay under FRE 802, but he reserves the right to argue at trial that evidence of this nature should be admitted under FRE 803, FRE 804, or FRE 807.

In effect, the parties have asked the Court to do little more than enforce the rules of evidence. Evidence that is impermissible hearsay under FRE 802 will be barred at trial. Evidence that falls under an exception laid out in FRE 803, FRE 804, or FRE 807 will not be barred as hearsay. This motion is **GRANTED** with the exception that these statements may come in if they are introduced under a hearsay exception.

**2. Exclusion of witnesses.**

Mr. Stitsworth asks the Court to exclude all non-party witnesses from the courtroom during trial. Forest River does not oppose this motion, but notes that David Besinger will be Forest River's corporate representative at trial and may also testify. Forest River requests that he not be excluded from the courtroom. FRE 615 provides that the Court may exclude witnesses from the courtroom upon the request of a party, with several exceptions. Fed. R. Evid. 615. One of those exceptions is a party's corporate representative. Fed. R. Evid. 615(a)(2). Accordingly, this motion is **GRANTED** with the exception that David Besinger will not be excluded from the courtroom.

**B.    Disputed Topics in Plaintiff's Motions** *in Limine.* **(ECF 64).**

    **1.    Testimony by any witness other than Mr. Stitsworth regarding his attempt to seek reemployment. (ECF 64 at 3).**

Mr. Stitsworth argues that Forest River should be barred from eliciting testimony from witnesses other than Mr. Stitsworth about Mr. Stitsworth's conduct when he allegedly visited Plant 501 on July 5 or 6 of 2021. In support, he points out that Forest River admits it does not know who, if anyone, Mr. Stitsworth spoke with on that occasion. Mr. Stitsworth contends that Forest River's lack of knowledge about Mr. Stitsworth's conduct means that any witness Forest River calls to testify on that subject would be either testifying about information they do not know first-hand in violation of FRE 602 or offering improper opinion testimony in violation of FRE 701. Consequently, Mr. Stitsworth asks this Court to preemptively bar any attempt by Forest River to elicit such testimony.

Relevant evidence is generally admissible. Fed. R. Evid. 402. For evidence to be relevant, it must tend to make a fact more probable or less probable than the fact would have been without the evidence, and that fact must be "of consequence" to the determination of the case. Fed. R. Evid. 401. FRE 403 permits the Court to exclude relevant evidence if its probative value is "substantially outweighed" by the risks of unfair prejudice, confusing the issues or the jury, undue delay or time waste, or the needless presentation of cumulative evidence. Fed. R. Evid. 403. There are many other qualifications to the general admissibility of relevant evidence, but only two are pertinent here. FRE 602 requires that a witness possess "personal knowledge" of any

4

matter he testifies about. Fed. R. Evid. 602. And FRE 701 limits lay witnesses to opinion testimony that is not specialized, rationally based on their perception, and helpful to understanding their testimony or to determining a fact in issue. Fed. R. Evid. 701.

Mr. Stitsworth argues that if a witness did not observe Mr. Stitsworth on the day he visited Plant 501, FRE 602 and FRE 701 bar that witness from testifying or speculating about what Mr. Stitsworth did while there. The Court agrees. But neither FRE 602 nor FRE 701 bar a witness from testifying about something that Mr. Stitsworth did *not* do, so long as it is within that witness's personal knowledge. As Mr. Stitsworth frames it, the "only real issue[] in this case" is "whether Mr. Stitsworth acted reasonably in his efforts to seek reemployment." (ECF 66 at 2). Neither Mr. Stitsworth nor Forest River can identify the person with whom Mr. Stitsworth claims to have spoken when he visited Plant 501. To decide whether Mr. Stitsworth acted reasonably, the jury will have to determine how much to credit Mr. Stitsworth's testimony that he sought reemployment from an unidentified person in a position of apparent authority at Forest River. Thus, the testimony of various Forest River employees that Mr. Stitsworth did not speak with them is not clearly irrelevant, and such testimony would not necessarily run afoul of FRE 602 or FRE 701. Nor does it obviously risk violating FRE 403. Mr. Stitsworth's arguments do not persuade the Court that this testimony is "clearly inadmissible on all potential grounds." *United States v. Jackson*, 535 F. Supp. 3d 809, 813 (N.D. Ind. 2021). This motion *in limine* is **DENIED.**

## 2. Testimony that Forest River is a "military friendly" and/or "veteran friendly" employer should be excluded. (ECF 64 at 5).

Mr. Stitsworth argues that Forest River should be precluded from eliciting testimony that it is a "military friendly" or "veteran friendly" employer because such evidence would be irrelevant and unfairly prejudicial. He also contends that some of Forest River's proposed exhibits should be barred because their only purpose is to bolster this irrelevant and unfairly prejudicial testimony and because they constitute impermissible hearsay. Forest River responds that an order *in limine* precluding testimony along these lines and excluding these exhibits is improper because Forest River's record as an exemplary military employer makes it less probable that Forest River willfully violated USERRA in this case.

To be relevant, evidence must be probative of a fact consequential to the action. Fed. R. Evid. 401. This case arises under §§ 4312 and 4313 of USERRA, which create certain reemployment rights for employees who leave their jobs to serve in the armed services. An employer who willfully violates USERRA may be required to pay liquidated damages to the injured party. 38 U.S.C. § 4323; 20 C.F.R. § 1002.312. The only properly triable issues here are (1) whether Mr. Stitsworth applied for reemployment from Forest River, and (2) if he did so, whether Forest River willfully disregarded its obligations under USERRA by denying him reemployment.

Whether an employer is or is not discriminating against servicemembers is "not relevant to a claim brought under § 4312 because proof of discriminatory intent is not required to sustain a reemployment claim." *Mace v. Willis*, 259 F. Supp. 3d 1007, 1017

(D.S.D. 2017). To show a willful violation of USERRA, a plaintiff must prove that the defendant "employer either knew or showed reckless disregard for whether its conduct was prohibited" under the statute. 20 C.F.R. § 1002.312. Unlike § 4311 of USERRA, § 4312 does not contain any language referencing discrimination against servicemembers. It "serves only to guarantee service persons' reemployment without question as to the employer's intent." *Francis v. Booz, Allen & Hamilton*, 452 F.3d 299, 304 (4th Cir. 2006). This limited scope means that an employer may "be willful about [its] violation of §4312 without having a discriminatory motivation." *Mace*, 259 F. Supp. 3d at 1022. Consequently, testimony about Forest River's military- and veteran-friendliness will not be probative of whether it willfully violated USERRA because willful violation of USERRA does not require animus toward or discrimination against servicemembers. Such testimony does, however, run the risk of blurring this distinction before the jury. Because this testimony is not probative of a fact consequential to the action and because it creates an undue risk of confusing the jury, Mr. Stitsworth's motion is **GRANTED** as to testimony about Forest River's friendliness toward the military and veterans.

Mr. Stitsworth also asks the Court to exclude four of Forest River's proposed exhibits: Exhibit L, a patriotic employer award; Exhibit M, a personnel action notice regarding Eddie Hygema's military leave that took effect October 27, 2020; Exhibit N, a personnel action notice regarding Eddie Hygema's return from military leave that took effect March 1, 2021; and Exhibit O, an email between Eric Sharp and Lt. Col. James

7

Babbit dated October 14, 2020.[1] Forest River does not argue for the admissibility of these exhibits in its response to Mr. Stitsworth's motion *in limine*, but it does argue for their admissibility in the proposed pretrial order. For the sake of efficiency, the Court will consider those arguments here.

Forest River Exhibit L is a certificate recognizing "Eric Sharp" of "Forrest River, Inc. [*sic*] as a Patriotic Employer for Contributing to National Security and Protecting Liberty and Freedom by Supporting Employee Participation in America's National Guard and Reserve Force." (Forest River Exhibit L). Mr. Stitsworth argues that this award should be excluded because it is irrelevant, it is hearsay, and any probative value is substantially outweighed by the risk of unfair prejudice. (ECF 64 at 6–7). Forest River argues that this exhibit should not be excluded because "[e]vidence proving that Mr. Sharp was honored for respecting other employee's rights under USERRA makes it less likely that Mr. Sharp would act with reckless disregard for Mr. Stitsworth's rights under USERRA." (ECF 68 at 10).

This evidence is not hearsay unless it is introduced to prove the truth of the assertion in the document. Here, that assertion would be that Eric Sharp and Forest River are "patriotic employer[s]" who support employee participation in the armed forces. Forest River suggests that it would use this evidence to show that Mr. Sharp was "honored" for respecting USERRA rights. Such a use would not constitute hearsay.

---

[1] Mr. Stitsworth's motion *in limine* identifies these exhibits as exhibits F through I (ECF 64 at 6), but the parties' proposed pretrial order identifies them as exhibits L through O (ECF 68 at 8–13). The Court will refer to these exhibits by their designations in the proposed pretrial order.

Similarly, this exhibit satisfies FRE 401's low standard for relevancy. Though this evidence does not explicitly honor Forest River for respecting USERRA rights, it does suggest that Forest River was honored for supporting employee participation in the armed forces. Such an honor "tend[s] to make" it more likely that the company did not violate Mr. Stitsworth's USERRA rights. Fed. R. Evid. 401. But this probative value is low. Exhibit L shows that Forest River was honored for generally supporting employee military participation, but several more inferences are required to conclude that this honor makes it less likely Forest River violated Mr. Stitsworth's USERRA rights.

Relevant evidence may be excluded if the risk of unfair prejudice substantially outweighs its probative value. Fed. R. Evid. 403. Thus, the Court must determine how the low probative value of this exhibit compares to the risk of unfair prejudice. As discussed above, Forest River's patriotism is not directly relevant to the issues before the jury. Broadly speaking, §§ 4312 and 4313 of USERRA provide that servicemembers who leave their jobs to serve in uniform are entitled to prompt reemployment upon their return. An employer may comply with those requirements because it is patriotic, or it may comply because it does not wish to violate the law. Conversely, an employer that violates USERRA rights may do so because of anti-military animus, or it may do so simply because finding jobs for long-absent servicemembers is difficult or costly. Forest River's general patriotism is not probative of the issues in this case because it does not tend to make it more or less likely that Forest River complied with USERRA.

But evidence focused primarily on Forest River's patriotism does run a clear risk of unfairly prejudicing the jury. While the issue of Forest River's patriotism is not before

9

the jury, evidence that Forest River is generally patriotic would likely sway jurors toward the company. And this exhibit describes Forest River and Eric Sharp as a "**PATRIOTIC EMPLOYER**" in capitalized boldface. When set against this clear risk of unfair prejudice, the probative value of this evidence is not sufficient to avoid [FRE 403](). Mr. Stitsworth's motion is **GRANTED** as to Exhibit L.

Forest River Exhibits M and N are personnel action notices for the military leave and reemployment of a Forest River employee named Eddie Hygema. (Forest River Exhibit M, N). These exhibits indicate that Mr. Hygema took a military leave of absence from Forest River on October 27, 2020, and returned to Forest River on March 2, 2021. (*Id.*) Mr. Stitsworth objects that these exhibits are irrelevant, that they are hearsay, and that any probative value they offer is outweighed by the risk of unfair prejudice. (ECF 64 at 7–10). Forest River responds that the personnel action notices provide circumstantial evidence that Forest River understood and complied with its obligations under USERRA. It also argues that the exhibits show that another Forest River employee understood and successfully used the process for military leave and reemployment, circumstantially supporting the reasonableness of that process.

Like Exhibit L, these exhibits are not necessarily hearsay. Forest River suggests that it would introduce these exhibits to show that it understood its obligations under USERRA and that its military leave and rehiring process was reasonable. Unless these documents are introduced to prove the facts of Eddie Hygema's leave and rehiring, it is unlikely that they will violate the rule against hearsay. These exhibits are also relevant. They show that Forest River had a process for military leave and rehiring, and that an

10

employee of Forest River successfully used that process, which tends to make it more likely that Forest River respected USERRA rights and that its military leave and rehiring process was reasonable. As there is no apparent risk of unfair prejudice that substantially outweighs this probative value, Mr. Stitsworth's motion is **DENIED** as to Exhibit M and N.

Finally, Forest River Exhibit O is a 2020 email exchange between Eric Sharp and Lt. Col. James Babbit about Eddie Hygema's military leave. In the initial email, Lt. Col. Babbit alerted Mr. Sharp that Eddie Hygema would need leave from work to conduct military service. In Mr. Sharp's response, he expressed his and Forest River's support for employee military service and confirmed that there would be "no problem with Eddie being off" for military service. (Forest River Exhibit O). Mr. Stitsworth argues that this exhibit should be excluded because it is irrelevant, it is hearsay, and any probative value is substantially outweighed by the risk of unfair prejudice. (ECF 64 at 7). Forest River responds by incorporating its argument for the admissibility of Exhibit M.

Like Exhibits L, M and N, this exhibit is only hearsay if it is used to prove the truth of the matter asserted in the emails. Just as the personnel action notices could be used to prove the existence and reasonableness of Forest River's military leave and rehiring process, this document could be used to show how that process operated. As there are non-hearsay uses of this document, it is inappropriate to preliminarily exclude it on that basis. And like Exhibits M and N, this document is relevant to a fact of consequence to this action: the reasonableness of Forest River's military leave and

rehiring process. But this document poses a greater risk of unfair prejudice than Exhibits M and N. Unlike the personnel action notices, Exhibit O contains several elements that might serve to unfairly emphasize Forest River's general patriotism. In his email, Mr. Sharp notes that he appreciates all that Lt. Col. Babbitt and his "men do for us." (Exhibit O at 1). He notes that Forest River "back[s] all employee's [*sic*] that serve in the military," and concludes by thanking Lt. Col. Babbitt for his service. (*Id.*) The email chain creates the impression that, as a general matter, Forest River respects and appreciates the military. Once more, this exhibit risks turning the focus of the jury toward the question of Forest River's patriotism. While the email chain is probative of Forest River's military leave and rehiring process, that probative value must be weighed against the risk that this exhibit will unfairly prejudice the jury by emphasizing Forest River's general patriotism. There is a clear risk that Mr. Sharp's assurance that he "back[s] all" of his employees who serve and his expression of appreciation for Lt. Col Babbit will unfairly sway the jury toward Forest River. This risk of unfair prejudice substantially outweighs the probative value of this exhibit. Mr. Stitsworth's motion is **GRANTED** as to Exhibit O.

> **3. Testimony that a witness (other than Mr. Stitsworth) or their relative was a member of the military. (ECF 64 at 8).**

Mr. Stitsworth argues that Forest River should be precluded from eliciting testimony that any witness or their relative, excepting Mr. Stitsworth, was a member of the military. In support, he raises the same concerns as he does in his motion *in limine* to exclude testimony about Forest River's friendliness to veterans or the military: such

12

testimony would not be relevant to any triable issue and would only confuse the jury. Forest River responds by arguing that a witness or his family member's history of service is probative of whether that witness willfully violated USERRA.

Mr. Stitsworth's argument is persuasive for the same reasons discussed above. A willful violation of § 4312 does not require any anti-military animus, nor does it require any discrimination against a servicemember based on their service. So evidence that a witness has a personal or familial connection to the military does not make it more or less likely that she willfully violated § 4312. This motion is **GRANTED.**

The Court is free, in the exercise of sound judicial discretion, to alter this *in limine* ruling, especially if actual testimony during trial differs from what was contained in the original motions. *See Luce*, 469 U.S. at 41–42. The parties are **ADVISED** that they are responsible for policing and enforcing this order. The Court will only address potential violations of this order if raised explicitly during trial.

SO ORDERED on December 16, 2025.

                                                /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT